

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BWB
F.#2007RO2082

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 21, 2011

**By Hand and ECF**

The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   United States v. Shaka Chisholm
                Criminal Docket No. 07-890 (S-1)(ARR)

Dear Judge Ross:

        The government respectfully submits this letter to supplement its prior submission, dated February 16, 2011, in connection with sentencing in the above-captioned case.

        As the Court is aware, on August 3, 2010, the President signed into law the Fair Sentencing Act of 2010 , Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). Immediately following the enactment of the FSA, the government took the view that the FSA's new threshold quantities for mandatory minimum penalties in crack cocaine cases applied only to offense conduct that occurred on or after the date of its enactment. As set forth in the government's February 16 letter to the Court, that view was based on the general savings statute, 1 U.S.C. § 109, which provides that the repeal of a criminal statute does not extinguish liability for previous violations of that statute, unless the repealing law expressly so states. The FSA has no express statement extinguishing existing liability under the old threshold quantities. Accordingly, the government concluded that the prior crack thresholds would continue to apply for all offense conduct that occurred before the date of enactment.

        The government has now concluded that our former analysis was incomplete and that the best reading of Congress's intent, considered in light of the structure and purpose of the FSA and applicable legal principles, is that Congress intended that the new penalties would apply to all federal sentencings that take place on or after the FSA's effective date, <u>i.e.</u>, August 3, 2010.

Accordingly, the government respectfully submits that Chisholm should be subject to a 5-year mandatory minimum term of incarceration, as opposed to 10 years. The government submits that the revised Guidelines range set forth in the Pre-Sentence Investigation Report of 121 to 151 months is appropriate.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

     By: _____
        Berit W. Berger
        Assistant U.S. Attorney
        (718) 254-6134

cc: Harry C. Batchelder, Jr., Esq. (ECF and E-mail)