UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

07-CR-890(S-1)-03(A.R.R.)

- v -

SHAKA CHISHOLM, et al.,
                Defendant

-----------------------------------------------------------x

SENTENCING MEMORANDUM NUMBER SIX
ON BEHALF OF
SHAKA CHISHOLM

HARRY C. BATCHELDER, JR.
Counsel for Shaka Chisholm
Twenty-Eighth Floor
40 Wall Street
New York, New York 10005-1313
212-502-0660

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA

07-CR-890(S-1)-03(A.R.R.)

- v -

SHAKA CHISHOLM, et al.,
                               Defendant

----------------------------------------------------------x

<u>Facts</u>

      Despite the Government's concession that the Fair Sentencing Act applies to Chisholm's sentencing, the Probation Department urges that the Court sentence Chisholm to in excess of ten years. Holding Chisholm accountable, despite his involvement in a single transaction for 245 grams of crack and 3 grams of marijuana, when converted to its marijuana equivalency, Chisholm is being held for a little bit south of a half of a ton of marijuana. This analysis is fatally flawed and the only underpinning for such an analysis is a statement allegedly made by Chisholm to Special Agent Salter. There is no corroboration whatsoever for the statement and its acceptance for such a dramatic increase in the relevant conduct guidelines is unwarranted.

<u>Point</u>

     THE COURT SHOULD SENTENCE CHISHOLM FOR THE DRUGS HE DISTRIBUTED ON A SINGLE APPEARANCE IN THE CHARGED CONSPIRACY.

      Page 5 of the Presentence Investigation states as follows:

      "According to the Government, the defendants acted independently of one another and were generally unaware of each other's drug pursuits. Hence, they are only responsible for the

2

drug transactions in that they were directly involved in during the course of the instant investigation, the defendants acted primarily as independent sellers of crack cocaine and heroin to the cooperating witnesses."

On January 24, 2007, Chisholm made his initial and only appearance and sold 54 grams of crack cocaine to a confidential informant for sixteen hundred dollars. A year passed before Chisholm was arrested and there is no evidence whatsoever that he was engaged in narcotics activity during the time nor was there any evidence from the cooperating witnesses that Chisholm was involved in any drug activity prior to his arrest.

The Probation Department attributes 245 grams of crack to Chisholm, based upon his statement and no other additional proof!

"Chisholm stated he was released from prison in 2006. He first began to work but was not making enough money. Chisholm stated he began to sell crack cocaine in order to make more money".

x x x

"Chisholm stated he was selling 8 balls and ½ eight balls of crack cocaine when he got out of prison. This occurred on a weekly basis."

Chisholm refused to sign the Miranda Waiver of Right form. He never was shown a copy of the statements that were attributed to him. The Probation Department, without any additional information or investigation, created an arithmetic monster. This is most dangerous and unwarranted.

The Supreme Court in Williams v. New York, 337 U.S. 241 (1949) held that as to any post arrest statement there must be independent corroboration in order to establish increased culpability. There must be independent fact, e.g., statements of co-conspirators that buttress a statement. There must be a factual finding and a minimal indication of reliability. United States v. Williams, 891 F2d 921 (D.C. Cir. 1989); United States v. Ross, 502 F3d 521 (6th Cir. 2007);

3

United States v. Perry, 982 F2d 1365 (9th Cir. 1992); and United States v. Rollins, 544 F3d 820 (7th Cir. 2008).

Much is at stake here because with the passage of the Fair Sentencing Act Chisholm is facing a mandatory minimum of five years in jail.  Given the extrapolation, which is uncalled for given Chisholm's single appearance and the sentence received by others, the Court is being asked to double his sentence on the statement alone.  This is uncalled for given the present record.

The Court should also note that Chisholm has been continuously incarcerated for 51 months in an institution that Senior Judge Jack B. Weinstein considered to be "hard time".

Conclusion

THE COURT SHOULD SENTENCE CHISHOLM TO A MANDATORY FIVE-YEAR SENTENCE.

Dated: March 16, 2012
       New York, New York

Respectfully submitted:

/s/:  Harry C. Batchelder, Jr.

_____
HARRY C. BATCHELDER, JR.
Counsel for Shaka Chisholm
Twenty-Eighth Floor
40 Wall Street
New York, New York 10005-1313
212-502-0660

Certification

I hereby certify that a copy of the above Sentencing Memorandum Number Six on behalf of Shaka Chisholm was sent on March 16, 2012 via United States Postal Service to Senior Probation Officer Cheryl M. Fiorillo, Office of United States Probation, 147 Pierrepont Street, Brooklyn, New York 11201.

/s/:  Harry C. Batchelder, Jr.

_____
HARRY C. BATCHELDER, JR.